```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

**MARK S. HUGHES,**            )
                               )
**Plaintiff,**                 )
                               )
**vs.**                        )          **NO. 3:06-CV-530 RL**
                               )
**GEORGE W. BUSH,** *et al.*,  )
                               )
**Defendants.**                )

## OPINION AND ORDER

This matter is before the Court on the Motion and Affidavit for Leave to Proceed In Forma Pauperis, filed by Plaintiff, Mark Hughes, on August 28, 2006. For the reasons set forth below, Plaintiff's in forma pauperis ("IFP") application is **DENIED.**

Hughes, a *pro se* prisoner, submitted a complaint without payment of the filing fee. A prisoner may not bring a civil action in forma pauperis if he has:

> on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. The records of the United States District Court for the Northern District of Indiana and the United States District Court for

the Southern District of Indiana establish that Hughes has accumulated six "strikes" within the meaning of section 1915(g).

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of one case filed by Hughes qualifies as a "strike" within the meaning of section 1915(g):

**(1) 3:05-CV-253 RM**, dismissed pursuant to 28 U.S.C. section 1915A, May 10, 2005. Hughes sought to appeal the dismissal of 3:05-CV-253 RM, but the court determined that the appeal was not taken in good faith. **(2)** Leave to proceed in forma pauperis on appeal denied as not taken in good faith, September 20, 2005, appeal dismissed, November 14, 2005.

The records of the United States District Court for the Southern District of Indiana confirm that the disposition of two cases filed by Hughes qualify as "strikes" within the meaning of section 1915(g):

**(3) TH96-C-258-R/H**, dismissed pursuant to 28 U.S.C. section 1915(e)(2)(B) on October 17, 1996;

**(4) 1:04cv10782-DFH-VSS**, dismissed pursuant to 28 U.S.C. section(b), November 3, 2004. Additionally, the records of the United States District Court for the Southern District of Indiana establish that the court denied Hughes' request for leave to appeal *in forma pauperis* in 1:04cv10782-DFH-VSS as not in good faith. **(5)** Leave to proceed *in forma pauperis* on appeal denied September 14, 2001, appeal dismissed October 26, 2001.

Additionally, the records of the United States District Court for the Southern District of Indiana in another case establishes that Hughes took an interlocutory appeal without leave of court and which did not meet the limited circumstances where interlocutory appeals are permitted pursuant to 28 U.S.C. section 1292:

**(6) IP99-C-249-H/K**, leave to proceed *in forma pauperis* in his interlocutory appeal denied September 14, 2001, interlocutory appeal dismissed October 26, 2001.

An inmate with three or more "strikes" "can use the partial prepayment option in section 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). Hughes alleges in his complaint and its attachments that he is being tortured by secret military agents using "sound beaming" technologies to create bursts of sound causing extreme pain in the inner ear drum, brain, and other body orifices, "including the inner nostrils, eyes, throat, intestinal track, lower bowel, and <u>anus</u>." (Emphasis in original).

If the Court believed the allegation that American military officials were using a secret technology to torture Hughes were credible, it would conclude that he could be in imminent danger of serious physical injury. Chief Judge Miller considered these same allegations in 3:05-CV-253 RM, and found, pursuant to *Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000) and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773 (7th Cir. 2002) that these claims were

delusional. Similarly, Judge David Hamilton of the United States District Court for the Southern District of Indiana, reviewed these same claims in 1:04cv10782-DFH-VSS, and found, pursuant to *Gladney v. Pendleton Correctional Facility*, that these claims were delusional.

This Court also concludes that the claim that American military officials are torturing Hughes with sound wave technology is delusional and does not support a finding that he is under imminent danger of serious physical injury. Accordingly, Motion and Affidavit for Leave to Proceed In Forma Pauperis is **DENIED**.

Hughes still may proceed with this case, but to do so he must pay the full amount of the filing fee. The Court **AFFORDS** Plaintiff to and including October 13, 2006, within which to pay the $350 filing fee, and **ADVISES** Plaintiff that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee.

**DATED: September 13, 2006**          /s/RUDY LOZANO, Judge
                                        **United States District Court**