```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF INDIANA
              SOUTH BEND DIVISION
```

MARK S. HUGHES,                )
                               )
        Plaintiff,             )
                               )
    vs.                        )      NO. 3:06-CV-0530
                               )
GEORGE W. BUSH, *et al.*,      )
                               )
        Defendants.            )

## OPINION AND ORDER

This matter is before the Court on the Motion to Alter or Amend Judgment, filed by Plaintiff, Mark Hughes, on December 13, 2006. For the reasons set forth below, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

BACKGROUND

Mark S. Hughes, a *pro se* prisoner, initiated this action by submitting a complaint without payment of the filing fee; he sought to proceed *in forma pauperis*. A prisoner may not bring a civil action *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g).  This is commonly known as the "three strikes" provision.

On September 13, 2006, the Court concluded that Hughes had, in fact, accumulated six "strikes," and that his claims in this action were delusional and he was not in imminent danger of serious physical injury.  Accordingly, the Court denied him leave to proceed *in forma pauperis* and afforded him time within which to pay the filing fee if he wished to proceed with this case.  Hughes did not pay the filing fee, and the Court dismissed this case on December 7, 2006.  In his instant motion to alter or amend judgment, Hughes asserts that he is under imminent danger of serious injury.

DISCUSSION

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).  Mr. Hughes alleged in his complaint that he is being tortured by secret military agents using "sound beaming" technologies to create bursts of sound causing extreme pain in the inner ear drum, brain, and other body orifices,"including the inner nostrils, eyes, throat, intestinal track, lower bowel, and <u>anus</u>." (Emphasis in original).  In its order denying *in forma pauperis* status, this Court stated that if

2

it believed the allegation that American military officials were using a secret technology to torture Mr. Hughes were credible, it would conclude that he could be in imminent danger of serious physical injury.  Notably, though, Judge Robert Miller, Chief Judge of this District, considered these same allegations in 3:05-cv-253 RM, and found, pursuant to *Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000) and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773 (7th Cir. 2002), that these claims were delusional.  In addition, Judge David Hamilton of the United States District Court for the Southern District of Indiana, had the opportunity to review these same claims in 1:04cv10782-DFH-VSS, and found, pursuant to *Gladney v. Pendleton Correctional Facility*, that these claims were delusional.

This Court concluded that the claim that American military officials are torturing Mr. Hughes with sound wave technology is delusional and does not support a finding that he is under imminent danger of serious physical injury.  Nothing in Plaintiff's motion to alter or amend judgment justifies reconsidering that determination.

3

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion is **DENIED**.


**DATED:  January 16, 2007**               **/s/RUDY LOZANO, Judge**
                                           **United States District Court**