```
           UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF INDIANA
                SOUTH BEND DIVISION
```

MARK S. HUGHES,                )
                               )
       Plaintiff,              )
                               )
    vs.                        )       NO. 3:06-CV-0530
                               )
GEORGE W. BUSH, *et al.*,      )
                               )
       Defendants.             )

## OPINION AND ORDER

This matter is before the Court on the Application to Proceed Without Prepayment of Fees and Affidavit, filed by Plaintiff, Mark Hughes, on January 9, 2007. For the reasons set forth below, Plaintiff's in forma pauperis application is **DENIED**.

Mark Hughes, a *pro se* prisoner, seeks to appeal without payment of the filing and docketing fees. A prisoner may not bring a civil action in forma pauperis, or appeal the dismissal of a civil action, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This is commonly known as the "three strikes" provision. The records of the United States District Court for the Northern District of Indiana and the United States District Court for the Southern District of Indiana, establish that Hughes has accumulated six "strikes" within the meaning of § 1915(g).

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of one case filed by Hughes qualifies as a "strike" within the meaning of §1915(g):

(1) 3:05-cv-253 RM, dismissed pursuant to 28 U.S.C. § 1915A, May 10, 2005;

Hughes sought to appeal the dismissal of 3:05-cv-253 RM, but the court determined that the appeal was not taken in good faith:

(2) 3:05-cv-253 RM, leave to proceed in forma pauperis on appeal denied as not taken in good faith, September 20, 2005, appeal dismissed, November 14, 2005;

The records of the United States District Court for the Southern District of Indiana confirm that the disposition of two cases filed by Hughes qualify as "strikes" within the meaning of §1915(g):

(3) TH96-C-258-R/H, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on October 17, 1996;

(4) 1:04cv10782-DFH-VSS, dismissed pursuant to 28 U.S.C. § 1915A(b), November 3, 2004;

Additionally, the records of the United States District Court for the Southern District of Indiana establish that the court

denied Hughes's request for leave to appeal *in forma pauperis* in 1:04cv10782-cv-1782-DFH-VSS as not in good faith:

(5) 1:04cv10782-DFH-VSS, leave to proceed *in forma pauperis* on appeal denied September 14, 2001, appeal dismissed October 26, 2001.

Additionally, the records of the United States District Court for the Southern District of Indiana in another case establishes that Hughes took an interlocutory appeal without leave of court and which did not meet the limited circumstances where interlocutory appeals are permitted pursuant to 28 U.S.C. § 1292:

(6) IP99-C-249-H/K, leave to proceed *in forma pauperis* in his interlocutory appeal denied September 14, 2001, interlocutory appeal dismissed October 26, 2001.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). For the reasons stated in its opinion and order of September 13, 2006, this Court does not believe that Hughes is in imminent danger of serious physical injury from American military officials torturing him with sound wave technology. Accordingly, Plaintiff's Application to Proceed Without Prepayment of Fees on appeal is **DENIED.**

Hughes still may proceed with his appeal, but to do so he must pay the full amount of the filing and docketing fees. The Court **AFFORDS** Plaintiff to and including February 19, 2007, within which to pay the $455.00 filing and docketing fees, and **ADVISES** Plaintiff

3

that if he does not pay the filing fee by that date, his appeal may be dismissed without further notice without affecting his obligation to pay the filing fee and docketing fees.

**DATED:  January 25, 2007**                    **/s/RUDY LOZANO, Judge**
                                                 **United States District Court**

4